**XIAN CHAI HUANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

No. 05–4255–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Bruno Joseph Bembi, Hempstead, N.Y., for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Brian E. Pawlak, Assistant United Sates Attorney, Milwaukee, WI, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xian Chai Huang, a native and citizen of the People's Republic of China, seeks review of a July 25, 2005 order of the BIA denying her motion to reopen deportation proceedings. *In re Xian Chai Huang,* No. A73 675 383 (B.I.A. July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Normally, we review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, however, the government urges us not to reach the merits of the BIA's decision, and instead to dismiss the petition for review pursuant to the fugitive disentitlement doctrine. Under this dis-

cretionary doctrine, "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States*, 507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). This Court recently reaffirmed the applicability of this doctrine in the immigration context, in which an alien is considered a "fugitive from justice" when (1) the government issues him a "bag-and-baggage" letter, ordering him to report for deportation; and (2) the alien fails to comply. *See Qian Gao v. Gonzales*, 481 F.3d 173, 176 (2d Cir.2007) (citing *Ofosu v. McElroy*, 98 F.3d 694, 700 (2d Cir.1996)). As we noted, considering petitions filed by aliens who disregard such letters "would have the perverse effect of encouraging aliens to evade lawful deportation orders in the hope that, while they remain fugitives, they may contrive through their own efforts a new basis for challenging deportation." *Id.* at 178. Moreover, we reasoned, "disentitling a fugitive from appealing a judgment that he has fled sends a clear message to similarly situated litigant—flee the effect of a judgment and the privilege of challenging that judgment vanishes with you." *Id.* at 177.

 In this case, the IJ granted Huang a 30–day voluntary departure period in 1996, which the BIA reinstated when it dismissed his appeal in 1997. Huang did not comply with this order, and in September 1998, the BIA issued her a bag-and-baggage letter, ordering her to report for deportation in October 1998. Huang did not comply with this notice, and in May 2005, she filed a motion to reopen, seeking to (1) remand her asylum claim for further consideration; and (2) pursue an application for adjustment of status. In response, the government provided the BIA with evidence that Huang's counsel of record received a copy of this notice, and to date, Huang has neither denied receiving notice of the order nor explained her failure to comply. Under these circumstances, we find it appropriate to invoke the fugitive disentitlement doctrine and dismiss Huang's petition for review.[1] *See id.* at 177–178.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. We further note that, even if we were to reach the merits of Huang's petition, we would find that the BIA did not abuse its discretion in denying her motion to reopen. It is not disputed that her motion was both time— and numerically-barred under 8 C.F.R. § 1003.2(c)(2), and the BIA reasonably found that she failed to establish that her motion fell within the "changed country conditions" exception to these bars. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, the BIA declined to reopen her case pursuant to its *sua sponte* authority, *see* 8 C.F.R. § 1003.2(a), and we lack jurisdiction to consider such decisions, because they are "entirely discretionary." *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Finally, we note that Huang brought her motion eight years after her asylum claim was denied, and nearly three years after her husband became eligible to adjust status; under these circumstances, were we to consider the merits, we would not find that she exercised due diligence in pursuing her case. *See Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000).